Prob 12C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION

| | |
|---|---|
| **Offender Name:** | Arturo RIVERA, Jr. |
| **Docket Number:** | 2:03CR00156-01 |
| **Offender Address:** | Stockton, California |
| **Judicial Officer:** | Honorable William B. Shubb<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 10/15/2005 |
| **Original Offense:** | 18 USC 922 (g)(1) - Felon in Possession of Firearm and Ammunition (CLASS C FELONY) |
| **Original Sentence:** | 30 months custody Bureau of Prisons; 36 months supervised release; $100 special assessment |
| **Special Conditions:** | Warrantless search; Drug aftercare; Abstain from use of alcoholic beverages; $5 co-pay |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 08/09/2005 |
| **Assistant U.S. Attorney:** | James P. Arqelles    **Telephone:** 916-554-2700 |
| **Defense Attorney:** | Mary M. French    **Telephone:** 916-498-5700 |

**Other Court Action:**

<u>**12/02/2005:**</u>  Court approved Report of Offender Non-Compliance reporting that the offender tested positive for illicit drugs on October 15 & 20, 2005. The Court had also been informed that the offender had been placed at a residential drug treatment program.

**RE:   ARTURO RIVERA, JR.**
         **Docket Number:  2:03CR00156-01**
         **PETITION FOR WARRANT OR SUMMONS**
         **FOR OFFENDER UNDER SUPERVISION**

---

## PETITIONING THE COURT

**(X)**   To place this matter on calender for a court hearing on January 4, 2006, at 9:00 a.m. The probation officer is to notify the supervise releasee and counsel of said hearing.

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number      Nature of Violation**

**Charge 1:      USE OF CONTROLLED SUBSTANCE**
On October 15 and 20, 2005, the offender submitted drug tests which subsequently tested positive for amphetamine/methamphetamine, in violation of the standard condition that he not use illegal drugs.

The offender admitted to the probation officer the use of illegal drugs. He stated, " I came across an old friend who offered me the drug. I was feeling weak and took it; I have no excuse."

**Charge 2:      FAILURE TO PARTICIPATE IN AN INPATIENT TREATMENT PROGRAM**
On November 15, 2005, the offender was admitted to the Recovery House Residential Drug Treatment Program. On December 5, 2005, the offender "walked out" of the Recovery House Residential Drug Treatment Program, thereby failing to successfully participate in an inpatient treatment program, as directed by the probation officer.

**RE:    ARTURO RIVERA, JR.**
**Docket Number:  2:03CR00156-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

The offender reported that he left the program because he was "having problems with his ex-wife. He stated, "My ex-wife came to my house with a car load of guys and tried to take my son, I was feeling pressure so I left."

**Justification:** The offender was aware that his failure to complete the residential drug program would result in more serious consequences. This officer sympathizes with the offender regarding his family situation; however, his actions further complicated his life by exposing himself to a possible term of imprisonment. During the initial interview with the probation officer, the offender admitted that every time he has been arrested he was under the influence of drugs, alcohol or with his "old friends."  His reasons for the current use of drugs and leaving the residential drug program seem to indicate the offender may have poor impulse control and or lacks decision-making skills.

At this time, he is not seen as an imminent threat to the community or a flight risk; therefore, it is respectfully recommended the Court set a hearing and direct the probation officer to notify the offender and counsel of the hearing.

**Bail/Detention:** It is respectfully recommended that the offender be allowed to remain at liberty while pending court hearings regarding the above alleged supervised release violations.  It does not appear the offender is a person whose release is restricted pursuant to 18 USC 3143.

**RE:     ARTURO RIVERA, JR.
         Docket Number:  2:03CR00156-01
         PETITION FOR WARRANT OR SUMMONS
         <u>FOR OFFENDER UNDER SUPERVISION</u>**


**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON**:     December 19, 2005
                    Elk Grove, California
                    RAO:kms

                         Respectfully submitted,

                         /s/ Richard A. Ortiz

                    **RICHARD A. ORTIZ**
                    **Senior United States Probation Officer**
                       Telephone: 916-683-3323


**REVIEWED BY**:        /s/ Deborah A. Spencer

                    **DEBORAH A. SPENCER**
                    **Supervising United States Probation Officer**

RE:     **ARTURO RIVERA, JR.**
        **Docket Number:  2:03CR00156-01**
        **PETITION FOR WARRANT OR SUMMONS**
        **FOR OFFENDER UNDER SUPERVISION**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

( X )   Other: The Court orders this matter be placed on calender for a court hearing on January 4, 2006, at 9:00 a.m. The probation officer is to notify the supervised releasee and counsel of said hearing.

Date:  December 22, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE


cc:     United States Probation
        James P. Arguelles, Assistant United States Attorney
        Mary M. French, Assistant Federal Defender


Attachment:  Presentence Report   (Sacramento only)

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable William B. Shubb
United States District Judge
Sacramento, California

                                      **RE: Arturo RIVERA**
                                      **Docket Number: 2:03CR00156-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **USE OF CONTROLLED SUBSTANCE**

    **A.**    **Evidence:**

    Copies of Quest Diagnostics Laboratory Reports, dated October 15, and 20, 2005, which indicate that on these dates the offender submitted urine samples that returned positive for the presence of illicit drugs.

    **B.**    **Witnesses:**

    Staff from Turning Point of Central California, Stockton, California, will testify that on October 15 and 20, 2005, the supervised releasee submitted urine samples that returned positive for the presence of illicit drugs.

RE:    Arturo RIVERA, Jr.
       Docket Number: 2:03CR00156-01
       <u>STATEMENT OF EVIDENCE</u>

Charge 2:    FAILURE TO PARTICIPATE IN AN INPATIENT TREATMENT PROGRAM

    A.    Evidence:

    Copies of the supervised releasee's admittance to Recovery House on November 15, 2005, and his discharge from the program on December 5, 2005.

    B.    Witnesses:

    Staff from Recovery House will testify that on November 15, 2005, the supervised releasee was admitted to their residential drug program, and on December 5, 2005, he was discharged from the program without successful completion.

Respectfully submitted,

/s/ Richard A. Ortiz

**RICHARD A. ORTIZ**
**Senior United States Probation Officer**

**DATED:**    December 19, 2005
              Elk Grove, California
              RAO:kms

**REVIEWED BY**:    /s/ Deborah A. Spencer

**DEBORAH A. SPENCER**
**Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**  Arturo Rivera, Jr.         **Docket Number:**  2:03CR00156-01

**Date of original offense:** 03/15/2003

**Original term of supervised release imposed:** 3 **years.**

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** V

**Chapter 7 range of imprisonment:**  7 **to** 13 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

|     | |
| --- | --- |
| ___ | **Class A felony - 5 years (or stat max of __ years if longer).** |
| ___ | **Class B felony - 3 years** |
| _X_ | **Class C and/or D felony - 2 years** |
| ___ | **Class E felony and misdemeanors:  1 year** |

**Violation requires mandatory revocation:  YES:** ___ **NO:** _X_ .

**Original offense committed after 09/13/94:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.